[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON PLAINTIFF'S APPLICATIONFOR APPOINTMENT OF RENT RECEIVERAND DEFENDANT'S OBJECTION THERETO
The evidence at the hearing on this motion revealed the following: unpaid town taxes on the property subject to plaintiff's mortgage exceed $100,000 and defendants are not keeping them current; this case, because of a pending appeal and defendants' assertion of defenses, is not likely to be heard for at least six months; at the time the mortgage in favor of plaintiff was executed, defendants also executed an assignment of rents conditioned upon defendants' mortgage default, which has occurred; the debt owed the plaintiff exceeds $2,200,000 and the property has an appraised value of $900,000; defendants have been using rental income to pay their legal costs, past construction bills, disability and life insurance premiums for partners of defendant Avon Meadow Associates, and an excessive salary for an office manager.
The appointment of a rent received must be made upon equitable considerations and to secure the property from waste or loss. Hartford Federal Savings Loan Ass'n v.Tucker, 196 Conn. 172, 175 (1985).
The court determines such considerations dictate the CT Page 5238 appointment of a rent receiver in the instant case and accordingly hereby appoints The Farley Co. of Hartford as receiver of rents on the following terms:
 1. It files with the clerk of the court a bond, in proper form, with good and sufficient sureties, in the sum of $60,000, conditioned on the faithful performance of its official duties under the appointment.
 2. The Receiver shall be authorized to take the following actions
 A. To take all actions necessary to collect the rents, issues and profits, and reasonable use and occupancy of the Property during the pendency of the above-captioned foreclosure action.
 B. To extend or to modify any leases of the Property and to make new leases of the Property and to enter into new leases for the Property, which new leases may provide for terms to expire, or for options to lessees to extend or renew terms to expire, beyond the date of the issuance of a Deed or Deeds to a purchaser or purchasers at a foreclosure sale.
 C. To take all actions necessary to enforce the collection of rentals or reasonable use or occupancy payments from tenants of the Property, including the institution of eviction and/or collection actions against the tenants of the Property.
 D. To take all actions deemed necessary and proper in the sole discretion of the Receiver for custody and control of and repair and maintenance to the Property.
E. To take all actions deemed necessary CT Page 5239 and proper in the sole discretion of the Receiver to secure the Property against the elements and vandalism.
 F. To expend all amounts and retain the services of such persons or entities as deemed necessary and proper in the sole discretion of the Receiver in connection with the aforementioned action.
 3. All fees, costs, and expenses incurred by the Receiver shall be paid out of income generated by rental or other income from the Property, and that in the event any such income is insufficient to pay all fees, costs and expenses incurred by the Receiver, additional monies may, in its sole and absolute discretion, be advanced by Bank of Boston Connecticut as an administrative first priority expense out of the proceeds of any sale or other disposition of the Property.
Robert Satter State Judge Referee